**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WALTER SAYLES, CDCR #AL-4784,<br><br>                                    Plaintiff,<br><br>          vs.<br><br><br>DEPARTMENT OF CORRECTION, CHIEF WARDEN, AW WARDEN, CDCR ISU,<br><br>                                   Defendants. | Case No.:  3:25-CV-910-JLS-DEB<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**<br><br>(ECF No. 8) |

**INTRODUCTION**

Walter Sayles ("Sayles" or "Plaintiff") is a state inmate proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  ECF No. 1.  On May 5, 2025, the Court denied Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") and dismissed the action without prejudice because Plaintiff's IFP lacked a copy of his trust account statement

___

[1] The case was originally filed in the United States District Court for the Central District of California, Eastern Division and was transferred to this Court on April 15, 2025.  *See* ECF No. 4.

1

or prison certificate as required under 28 U.S.C. § 1915(a)(2). *See* ECF No. 7. The Court gave Sayles 45 days, or until June 19, 2025, to have his case reopened by either paying the filing fee or submitting a properly supported IFP motion. *Id.* at 3. The Court also notified Sayles that failure to respond by the deadline would result in his case remaining dismissed without prejudice. *Id.*

On December 15, 2025, Sayles filed an IFP Motion.[2] ECF No. 8. While the motion was filed over five months after the due date, because Plaintiff is proceeding *pro se* and appears to have been unaware his case was transferred to this district, the Court accepts the late filing and reopens the case in the interest of justice and resolving the case on the merits.

For the reasons discussed below, the Court grants Plaintiff's IFP motion and dismisses the action without prejudice.

## IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[3] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

///

---

[2] It appears Plaintiff initially sent the IFP Motion to the United States District Court for the Eastern District of California, where it was received on December 1, 2025, and that Court forwarded the motion here. *See* ECF No. 8 at 1, 10.

[3] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his IFP Motion, Sayles has provided a signed copy of his prison certificate which reflects an average monthly balance of $76.05, average monthly deposits of $67.50, and an available account balance of $0.01. ECF No. 8 at 3. Accordingly, the Court **GRANTS** Plaintiff's IFP motion. Because the initial partial filing fee would exceed the balance in Plaintiff's account, the Court assesses no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"). The facility where Plaintiff is detained must collect the full balance of the $350 fee owed and forward payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A(b)

### A.    Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous,

3

malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).  "The standard for determining whether [Plaintiff] has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Id*.  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id*.

**B.    Plaintiff's Allegations**

In his Complaint, Sayles alleges officers with the Investigative Services Unit ("ISU") and the California Department of Corrections and Rehabilitation ("CDCR") have been "telling inmates that [Plaintiff] told on officers that [were] bring[ing] . . . drugs and phones" into the prison.  ECF No. 1 at 3.  He states he is a "protective custody" inmate, but he is being held in a "general population" prison.  *Id.*  Sayles further alleges that ISU officers at R.J. Donovan Correctional Facility ("RJD"), where he is currently confined, "work for the Mexican Mafia" and he has been put in danger because he "told on ISU." *Id.* at 3.  He fears for his life.  *Id.*

Sayles, who is Black, also states is being discriminated against because officers at RJD are associated with the "Mexican Mafia." *Id.* at 4.  While not entirely clear, Plaintiff appears to allege that he should be in "protective custody," but officers have told him he is not "active" and therefore he must eat his meals with the general population.  *Id.*

Sayles further alleges that officers are "trying to get other inmate[s] to get [him] killed" for "telling" that ISU officers were bringing drugs and phones into the RJD and

Kern Valley State Prison ("KVSP").  *Id.* at 5.  Officers are retaliating against him for reporting "the drug ring the officers [have] been running in prison for years."  *Id.*

**C.    Discussion**

In his Complaint, Sayles names four Defendants: (1) CDCR[4] (1) "Chief Warden," (3) "AW Warden," and "CDCR ISU."  ECF No. 1 at 1.  Sayles raises claims under 42 U.S.C. § 1983, alleging cruel and unusual punishment, discrimination based on race, and retaliation.  *Id*. at 3–5.  He seeks $10 million in money damages.  *Id.* at 6.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by "a person" acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

*1.    State Agency Defendants*

To the extent Sayles seeks to sue the CDCR and "CDCR ISU" he cannot state a claim.  The Eleventh Amendment prohibits § 1983 suits against a state or its agencies in federal court unless the State waives its immunity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).  "California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court."  *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).  Accordingly, the CDCR, as an agency of the State, and "CDCR ISU" as a sub-department of that agency, are not proper Defendants as to Plaintiff's § 1983 claims, whether sued for money damages or for injunctive relief.  *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991) ("The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature."); *see also Dragasits v. California*, No. 16-CV-1998-BEN-JLB, 2016 WL 6804947, at *3 (S.D. Cal. 2016) ("The State of California's Department of Corrections and

---

[4] Specifically, Plaintiff names "Department of Correction," which the Court construes as a reference to the CDCR.  *Id.* at 1.

Rehabilitation and any state prison, correctional agency, sub-division, or department under its jurisdiction, are not 'persons' subject to suit under § 1983."). The Court therefore **DISMISSES** Defendants "Department of Corrections" and "CDCR ISU." *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

### 2. *Warden Defendants*

Sayles also names "Chief Warden" and "AW Warden" as Defendants. *Id.* at 1. While not entirely clear, the Court presumes Plaintiff is referencing the head warden and assistant warden of RJD, where he is confined. But Plaintiff fails to allege any specific facts as to what these Defendants are alleged to have done or how they were personally involved in the alleged violation of Plaintiff's constitutional rights.

To state a claim under § 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff has failed to allege any facts suggesting personal involvement on the part of RJD's Warden or Assistant Warden, as to any of his claims. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted) ("A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."). Therefore, the Court **DISMISSES** Defendants Chief Warden and AW Warden. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b); *Iqbal*, 556 U.S. at 676–77.

### 3. *Plaintiff's Claims and Legal Standards*

While the Complaint must be dismissed without prejudice and with leave to amend for failure to state a claim against any Defendant, the Court provides the following

standards for Plaintiff to consider if he seeks to amend his pleading.  As noted above, Plaintiff identifies three counts (1) cruel and unusual punishment, (2) discrimination based on race and (3) staff misconduct and retaliation.  ECF No. 1 at 3–5.

First, to the extent Sayles seeks to allege he has been subject to cruel and unusual punishment stemming from prison officials labeling him a "rat," and failing to put him in "protective custody," *see id.* at 3, the Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Id.* at 833; *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015).  Failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834.  A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it.  *Id.* at 837.  Neither negligence nor gross negligence warrant liability under the Eighth Amendment.  *Id.* at 835–36, n.4.

Next, Sayles alleges he has been discriminated against based on race.  ECF No. 1 at 4.  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citation omitted).  To state an equal protection claim, a plaintiff first must show that he "has been intentionally treated differently from others similarly situated . . . ."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  To allege an equal protection violation based on race or other protected status, the plaintiff "must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class."  *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status."  *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir.

1994).

Finally, to the extent Sayles alleges "retaliation," ECF No. 1 at 5, the First Amendment protects against officials retaliating against a prisoner for his protected speech activities. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

**D.    Leave to Amend**

As noted above, given Plaintiff's *pro se* status, the Court grants him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).    In amending his pleading, Plaintiff should consider the legal standards applicable to his claims, as discussed above. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in*, *Lopez*, 203 F.3d at 1130 (stating a court should briefly explain a *pro se* litigant's pleading deficiencies when dismissing claims with leave to amend).

**CONCLUSION**

Accordingly, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 8).

2.    **ORDERS** the Secretary of the CDCR, or his designee, to collect the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with

28 U.S.C. § 1915(b)(2). All payments must clearly identify the name and case number assigned to this action.

3.   **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4.   **DISMISSES** the Complaint in its entirety for failure to state a claim against any Defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

5.   **GRANTS** Plaintiff **sixty (60)** days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  March 19, 2026

Hon. Janis L. Sammartino
United States District Judge