**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

WALTER SAYLES,
CDCR #AL-4784,

Plaintiff,

v.

JOHN DOE, Correction Officer, JOHN DOE, Chief Warden, JOHN DOE, ISU Sgt.,

Defendants.

Case No.: 3:25-cv-0910 JLS (DEB)

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

(ECF No. 10)

Presently before the Court is Plaintiff Walter Sayles's First Amended Complaint ("FAC," ECF No. 1).

Mr. Sayles is a state inmate proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] ECF No. 1. On March 19, 2026, the Court granted Sayles's request to proceed *in forma pauperis* ("IFP") and dismissed the original complaint without prejudice, and with leave to amend, for failure to state a claim pursuant to 28 U.S.C.

[1] The case was originally filed in the United States District Court for the Central District of California, Eastern Division and was transferred to this Court on April 15, 2025. *See* ECF No. 4.

§§ 1915(e)(2)(B) and 1915A(b). ECF No. 9. Sayles has now filed a First Amended Complaint ("FAC"). ECF No. 10. In it, Sayles alleges Defendants violated his Eighth Amendment rights by failing to protect his safety while incarcerated at R.J. Donovan Correctional Facility ("RJD"). For the following reasons, the Court dismisses the FAC with leave to amend.

## LEGAL STANDARD

As with his original complaint, the Court must screen Sayles's FAC and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint to "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

## FACTUAL BACKGROUND

In his FAC, Sayles alleges that, at some unspecified time, Defendant Officer John Doe ("Officer Doe") "was going around [RJD] telling inmates and staff [that Sayles] was a federal employee for ISU[2]." ECF No. 10 at 3. Sayles alleges Officer Doe's purpose was to "cause harm to [Sayles]." *Id.* Sayles also alleges Officer Doe told staff that Sayles "tell[s] on staff [who] bring in drugs and phones into the prison." *Id.* It appears that at

[2] While Sayles does not so specify, the Court presumes "ISU" refers to the "Investigative Services Unit."

some point, Sayles was placed in the Restrictive Housing Unit ("RHU") for "safety concerns." *Id.* Sayles states Officer Doe failed to protect him from threats by inmates who were "saying they were going to kill [him]" because Sayles was a "federal employee for ISU." *Id.*

Sayles further alleges he told Chief Warden John Doe ("Warden Doe") that "officers" were "going around telling inmates" that Sayles was a "federal employee." *Id.* at 4. Warden Doe, however, "did not listen to [Sayles's] safety concerns" and "fail[ed] to protect [Sayles] by kicking [him] out to program," despite Sayles "fearing for his life." *Id.*

Sayles also states ISU John Doe ("ISU Doe") "put[] out there to staff" that Sayles was a federal employee who "tells on" staff bringing drugs and phones into the prison. *Id.* at 5. ISU Doe "lied" about Sayles's safety concerns. At some point, Sayles was "cleared . . . to program," despite his safety concerns. *Id.* Sayles also alleges that at some unspecified time, he was injured by an unnamed correctional officer "and could not walk for a week." *Id.*

## DISCUSSION

In his FAC, Sayles names three "Doe" Defendants[3]: Officer Doe, Warden Doe and ISU Doe. *Id.* at 2. He seeks relief pursuant to 42 U.S.C. § 1983, alleging Defendants failed

---

[3] The use of fictitiously named Doe defendants is generally not favored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because in most cases it is impossible for the United States Marshal to serve a party identified only as a "Doe." *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (In order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish[] the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, No. 18-cv-0249-DKW-KJM, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant"). However, where the identity of parties is not known prior to filing of an action, Ninth Circuit authority permits a plaintiff the opportunity to pursue appropriate discovery to identify unknown does, unless it is clear that discovery would not uncover their identities, or the pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

to protect him, in violation of his Eighth Amendment rights. He seeks money damages. *Id.* at 7.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by "a person" acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015). Failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id*. at 837. Neither negligence nor gross negligence warrant liability under the Eighth Amendment. *Id*. at 835–36 & n.4.

Here, while Sayles provides some relevant facts, he makes only broad allegations, without adequate specifics to state a plausible claim. As to Officer Doe, Sayles states he was "going around telling everybody [Sayles] was a federal employee for ISU." ECF No. 10 at 3. But it is unclear when Officer Doe made such statements, who may have heard them, or how Sayles became aware of them. In addition, Sayles provides no approximate dates or even a general timeline showing the order of events. *See Hart v. Pallares*, No. 23-cv-00977-JLT-HBK, 2025 WL 3634142, at *4 (E.D. Cal. Dec. 15, 2025) (finding allegations that wrongful conduct took place over an unspecified period violates the pleading requirements set forth in Federal Rule of Civil Procedure 8). And while Sayles states Officer Doe failed to protect him from "threats of inmates," it is unclear whether

Sayles received any specific threats and if so, when they were made in relation to Officer Doe's conduct. Therefore, as pleaded, Sayles' vague allegations are insufficient to plausibly allege that Officer Doe calling him "federal employee for ISU" resulted in a substantial risk of serious harm. *See Farmer*, 511 U.S. at 834.

Even assuming being called a "federal employee for ISU" is akin to labelling Sayles an informant, Sayles has not adequately alleged he suffered any injury as a result of any Defendants' actions.[4] *See Quiroga v. King*, 738 F. App'x 411, 412 (9th Cir. 2018) (affirming dismissal of failure-to-protect claim because the plaintiff failed to allege facts sufficient to show defendants' labeling him an informant resulted in a substantial risk of serious harm or caused harm) (citing *Farmer*, 511 U.S. at 837).

As to Warden Doe, Sayles alleges he was "being mistreated and abused at his prison by the warden['s] staff" and Warden Doe took no action. ECF No. 10 at 4. To the extent plaintiff seeks to hold Warden Doe liable for the actions or conduct of his subordinates, that claim must fail because there is no respondeat superior liability under 42 U.S.C. § 1983. *See Iqbal*, 556 U.S. at 676 ("vicarious liability is inapplicable to . . . § 1983 suits"). To hold a supervisor liable in his individual capacity under § 1983, the litigant must be able to show that (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Here, while Sayles states Warden Doe "was aware of his staff . . . going around . . . telling inmates [he] was a federal employee for ISU," these allegations not supported by any factual detail and thus too conclusory to state a claim. *See Iqbal*, 556 U.S. at 678 (explaining that to state a claim, a complaint must contain sufficient factual detail for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged); *see also*

---

[4] Sayles makes a vague reference to the use of force by an unnamed correctional officer, which occurred at some unspecified time, but fails to allege any facts showing this incident was related to any action taken by any Defendant. *See* ECF No. 10 at 6.

*Krainskin v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010) (dismissing complaint because plaintiff "merely alleged in a conclusory fashion that the officers knew or should have known" of the violation) (internal quotes omitted).

Finally, Sayles has also failed to state a claim against ISU Doe for similar reasons. Sayles states he told ISU Doe that that "officers are going around the prison calling [Sayles] a federal employee for ISU." ECF No. 10 at 5. He alleges ISU Doe "lied on a investigative [sic] about [Sayles's] safety concerns" and as such failed to protect him. *Id.* But, again, Sayles fails to provide sufficient facts to support a plausible claim that ISU Doe was subjectively aware of a substantial risk of harm to him. *See Farmer*, 511 U.S. at 834.

In sum, Sayles's vague allegations do not establish that any Defendant both knew of a substantial risk of serious harm to Sayles and failed to take measures to abate that risk. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (plaintiff's conclusory allegations were insufficient when they did not include "a specific event or events instigated by the Defendants that led to" the constitutional violation). Thus, Sayles has also failed to state an Eighth Amendment failure to protect claim against any Defendant. *See Iqbal*, 556 U.S. at 678; 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

In light of Sayles's pro se status, the Court grants him leave to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

**CONCLUSION**

Accordingly, the Court:

1. **DISMISSES** the First Amended Complaint in its entirety for failure to state a claim against any Defendant pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

2. **GRANTS** Plaintiff <u>forty-five (45) days</u> from the electronic docketing date of this Order to file a Second Amended Complaint which cures the deficiencies of pleading

discussed in this Order. Plaintiff's Second Amended Complaint must be complete by itself without reference to his original Complaint or the FAC. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to timely file a Second Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: November 13, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge